IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14-cr-30014-MJR |
| vs. | ) | |
| | ) | |
| ROBERT JOSEPH LOPICOLA, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF FACTS

The attorneys for the United States and the attorney for the Defendant have engaged in discussions and have stipulated to the following facts to support the plea of guilty in accordance with U.S.S.G. § 6B1.4.

1. Between March 27, 2009 and October 14, 2009, the Defendant was a telemarketer.

2. During that time period, the Defendant and other employees conducted a fraudulent resale scheme through the use of telemarketing.

3. The telemarketing timeshare resale scheme was conducted through various business fronts, including Premier Timeshare Solutions.

4. The established, proven and highly successful sales pitch that was used by the Defendant and other conspirators in the telemarketing timeshare resale scam contained material misrepresentations of fact and misleading statements to prospective customers, including the following:

    A. Conspirators have a buyer for the consumer's timeshare property who will pay a specified price;

B. Conspirators will refund the prepaid up-front fee to the consumer at the closing of the consumer's timeshare property;

C. Conspirators' fees were for deed and title searches, maintenance profiles, deed preparation, title transfer and/or for similar expenses; and,

D. Conspirators' proposed sale of the consumer's timeshare property was reviewed and approved by the Federal Trade Commission.

5. The representations made in the sales pitch used by conspirators, including the Defendant, were false and fraudulent in that the offers on the consumer's property were a fantasy, the closing dates were totally make-believe, and the purported purpose of the fees was a pure invention by the telemarketer. The prepaid up-front fees collected from the consumers were not being used for closing costs, but were being stolen to enrich the conspirators, including the Defendant, and to pay for continuing expenses associated with the scam.

6. The sales practices of the conspirators, including the Defendant, were false and misleading. The business fronts used by the conspirators were permeated with fraud in an industry pervaded by deceit.

7. In connection with the transactions described in the Indictment, conspirators, including the Defendant, engaged in a scheme involving deceit and trickery in order to gain an unfair and dishonest advantage over victims located in the Southern District of Illinois and elsewhere throughout the United States and Canada.

8. While working as a telemarketer, the Defendant was personally responsible for victimizing 77 people and defrauding those victims of an estimated $154,743.60.

9. In furtherance of and as a foreseeable consequence of the conspiracy, the telemarketers, including the Defendant, caused contracts and other documents to be transmitted by U.S. Mail or by interstate commercial carrier to the Southern District of Illinois.

10. In furtherance of and as a foreseeable consequence of the conspiracy, the telemarketers, including the Defendant, caused interstate telephone calls to be made to the Southern District of Illinois.

**IT IS SO STIPULATED.**

_____  
ROBERT J. LOPICOLA  
Defendant

_____  
GARY MILONE  
Attorney for Defendant

Date: April 7, 2015

STEPHEN R. WIGGINTON  
United States Attorney

_____  
JOHN C. CONSTANCE  
Special Assistant United States Attorney

Date: April 9, 2015